

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

*Paul E. Budlow*  *Suite 400*  *DIRECT: 410-209-4917*
*Assistant United States Attorney*  *36 S. Charles Street*  *MAIN: 410-209-4800*
*Paul.Budlow@usdoj.gov*  *Baltimore, MD 21201-3119*  *FAX: 410-962-3091*

October 13, 2025

The Honorable George L. Russell, III
Chief Judge
United States District Judge
101 West Lombard Street
Baltimore, MD 21201

      Re:    *United States v. Michael Fitzpatrick*
              Criminal #: GLR-24-338
              Sentencing: October 20, 2025, 10:30 a.m.

Dear Judge Russell:

      We write this letter in advance of the sentencing of Michael Fitzpatrick, which is currently scheduled for October 20, 2025 at 10:30 a.m. On July 15, 2025, the Court accepted defendant's guilty plea to Count One of the Indictment, charging him with being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g). Consistent with the plea agreement, the government requests that the Court impose a sentence of 12 months imprisonment substituted by a term of 12 months of home detention.

      The government also writes to briefly address a few points in the defendant's sentencing letter, dated October 6, 2025, in which the defendant argues that this Court should sentence the defendant to a term of 1 year probation with a term of community service.

### I.    Guidelines Computation

      The PSR correctly calculates Defendant's total offense level as 12—after reductions for acceptance of responsibility under U.S.S.G. § 3E1.1. PSR at 6. Despite more than 10 arrests and at least two criminal convictions, the defendant is a Criminal History Category I with zero Criminal History points. PSR at 8. Thus, the applicable guideline imprisonment range as to Count One is 10-16 months' imprisonment. PSR at 16.

### II.    Sentencing Factors Under 18 U.S.C. § 3553(a)

      The sentencing factors under 18 U.S.C. § 3553(a) support a sentence of 12 months' home detention as a substitute for 12 months' imprisonment.

Such a sentence is necessary to reflect the seriousness of the offense and protect the public from further crimes of defendant, as well as to afford adequate deterrence, promote respect for the law, and provide just punishment. It also takes into account defendant's history and characteristics.

Regarding the nature and circumstances of the offense, there is no question that possession of ammunition and/or firearms by felons is a serious offense. Simply put, knowing he had a conviction that made it unlawful to possess ammunition or firearms, the defendant intentionally violated the law by purchasing and possessing ammunition to fire from a homemade rifle. The defendant also misled investigators about his possession of ammunition and firearms—he denied having any firearms in his residence, he claimed that the rifle there was not his, and he claimed that the ammunition was put in his trailer by another. These were all deceptive responses, raising the risk the defendant poses to the public.

What's more, the defendant's offense was not the result of a momentary lapse of judgment by an otherwise law-abiding citizen. To the contrary, the facts demonstrate that the defendant was fully aware of his prohibited status, as he was even attempting to petition to have his conviction expunged so that he could possess ammunition and firearms. Despite this knowledge of his status, the defendant took numerous steps to possess ammunition and guns, and to fire the guns. He owned and used a shotgun that he kept at a friend's house, he ordered parts to build a rifle in his shed, and he purchased ammunition to shoot from the homemade firearm. The defendant also frequently fired his shotgun, his AR rifle and other guns. He went shooting at various properties in Maryland and West Virginia, as depicted in photographs and videos located on his devices. Not all of this conduct was illegal, but it demonstrates the defendant's flouting of the law, his knowledge of his prohibited status, and the attempts he made to possess and use firearms and ammunition despite his prohibited status.

Thus, the government's recommended sentence reflects the seriousness of defendant's misconduct, provides just punishment, and promotes respect for the law.

### III. The Defendant's Sentencing Submission

<u>The Seriousness of the Offense:</u>

In arguing for a sentence of probation, the defense minimizes the defendant's prior conviction, his knowledge of his status as a prohibited felon, and his intentional conduct to avoid gun laws that are designed to protect the public.

For example, Fitzpatrick's conduct reflects the steps he took to avoid law enforcement's learning of his possession of shotgun during the arson investigation. As discussed in the government's response (ECF 32) to the defendant's motion to suppress, the defendant's phone was seized on March 14, 2017, and included the following messages with his employee and friend, Jonathan Weizman, using the encrypted messaging application Signal, exchanged on March 12, 2017, after Fitzpatrick observed investigators sitting outside of his fiancé's house:

> Fitzpatrick:   "Is the shotgun still in pieces?"
> Weizman:      "yes"

The defendant's knowledge of his status and intent to avoid detection were also demonstrated in statements Weizman made to investigators on November 8, 2018. Weizman was asked questions about Fitzpatrick's possession and use of a shotgun based on the Signal messages from March 12, 2017. Weizman told investigators that he was storing a shotgun that belonged to the defendant at Weizman's family farm. Weizman added that after the fire, Fitzpatrick asked him to hold the shotgun because Fitzpatrick knew he was prohibited and did not want to be "incriminated in any way."

Consideration of Pending State Arson Charges:

In arguing for a sentence of mere probation, the defendant asks this Court to consider that he is pending charges for committing arson of his residence, and that he *may* be serve a sentence arising out of a *possible* conviction in that case. The government asks the Court to disregard this argument and to not consider the unrelated state charges. Just as the government does not argue that the Court's sentence should reflect the defendant's commission of arson and wire fraud relating to the fire that destroyed his home, so too the defense should not request leniency for an unrelated crime where the defendant has pled not guilty and is pending trial. If the defendant receives a sentence in the state case, it will be unrelated to the instant offense, and the mere possibility of that occurring should have no bearing here.

"Difficulty" in Administering Home Detention:

The defense also argues that this Court should impose probation—and not home detention—in part because home detention that allows the defendant to leave his house and the state for work "will be difficult to administer" and "risk posing significant hardship on U.S. Probation and the company that implements" home detention. Absent from the defendant's extensive arguments relating to the difficulties and hardships of implementing such a condition is an acknowledgement that the defense *specifically asked the government* to include in the plea agreement the government's recommendation "that specifically allows [the defendant] the ability to work and travel for work outside of Maryland." Yet now the defendant argues that *the condition he asked* the government to recommend is unworkable.

While the government appreciates the defendant's concern for U.S. Probation's hardship in confining him to his home as a punishment (while still allowing him to freely travel for work), the government has no doubt that U.S. Probation can effectively supervise the defendant to comply with the restrictions imposed by the Court. If U.S. Probation believes that an exception to one of the Court's conditions should be granted for a particular event or time period, they certainly know how to make such a request of the Court, and the defendant can ask U.S. Probation for permission to travel just like any other defendant.

**IV. The Government's Sentencing Recommendation**

In light of all of the factors set forth above, the government recommends that the Court sentence the defendant to a term of 12 months' imprisonment that substitutes a term of 12 months home detention, to be followed by two years' supervised release.

                                                  Respectfully Submitted,

                                                  Kelly O. Hayes
                                                  United States Attorney

                                                  _____
                                                  Paul E. Budlow
                                                  Reema Sood
                                                  Assistant United States Attorneys


cc:   Maggie Grace, Esquire
       Chrstina Wong, Esquire
       Nicole Wonneman, U.S. Probation Officer